UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTTY LEE VAN HAWK,

Petitioner,

v.

STATE OF INDIANA,

Respondent.

CAUSE NO. 3:26-CV-1512-CCB-SJF

**OPINION AND ORDER**

Scotty Lee Van Hawk, proceeding *pro se*, filed a habeas petition in connection with parole revocation proceedings pending in the Kosciusko Circuit Court under Case No. 43C01-2303-F5-214. ECF 1. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A critical component of a valid habeas claim is a challenge to the petitioner's custody. 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief to respondents is a determination by the federal court that their custody violates the Constitution, laws, or treaties of the United States."); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). The petition suggests that Van Hawk is in custody in the sense that he is on probation, but his claims challenge his probation revocation proceedings rather than his term of probation.

Notably, Van Hawk asserts that he is homeless and has no address of record. While these circumstances are unfortunate, they also strongly suggest that Van Hawk is not presently in any form of custody pursuant to his probation revocation proceedings. Absent a challenge to his custodial status, he does not state a valid habeas claim and cannot proceed in this petition. Nevertheless, in an abundance of caution, the court will grant Van Hawk an opportunity to explain how his claims amount to a challenge to his present form of custody rather than immediately denying the habeas petition.

On a related note, Van Hawk has filed a motion asking to use an email address as his address of record. ECF 2. However, the court does not allow litigants to use an email address for purposes of service unless they have formally registered to use the CM/ECF system. The court declines to make an exception here given that Van Hawk can monitor his case by either visiting the clerk's office in person (as he did when he initiated this case) or through the PACER website. The motion is denied, though the court will direct the clerk to send this order to Van Hawk's email address as a one-time courtesy. Van Hawk should also promptly notify the court in the event that he obtains a mailing address.

As a final matter, Van Hawk has not resolved his filing fee status. To proceed with this case, he must either pay the filing fee in full or file a motion to proceed *in forma pauperis*. The court's approved form for motions to proceed *in forma pauperis* is available on the court's website.

For these reasons, the court

(1) **ORDERS** Scotty Lee Van Hawk to file a response to this Order and to resolve his filing fee status by November 30, 2026;

(2) **CAUTIONS** Scotty Lee Van Hawk that, if he does not respond by that deadline, this case will be dismissed without further notice;

(3) **DENIES** the motion for email service (ECF 2); and

(4) **DIRECTS** the clerk to email a copy of this Order to Scotty Lee Van Hawk.

SO ORDERED on October 26, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT