UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTTY LEE VAN HAWK,<br><br>Petitioner,<br><br>v.<br><br>STATE OF INDIANA,<br><br>Respondent. | CAUSE NO. 3:26-CV-1512-CCB-SJF |

**OPINION AND ORDER**

Scotty Lee Van Hawk, proceeding *pro se*, filed a habeas petition in connection with probation revocation proceedings pending in the Kosciusko Circuit Court under Case No. 43C01-2303-F5-214. ECF 1. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the prior order, the court found a mismatch between Van Hawk's present form of custody and the nature of his habeas claims. ECF 3. More specifically, while Van Hawk was on probation pursuant to his conviction, his habeas claims challenged the fairness of his ongoing probation revocation proceedings. Further, Van Hawk's description of himself as homeless with no valid mailing address strongly implied that he was not in custody pursuant to those probation revocation proceedings. Because the habeas claims did not challenge Van Hawk's present form of custody, the court found that the petition did not state valid habeas claims. Nevertheless, the court granted Van Hawk an opportunity to respond rather than immediately dismissing this case.

In response, Van Hawk states that he is in custody because he is on probation. ECF 9. He further states that "the petition challenges the legality of that custody, including the proceedings by which the State seeks to revoke probation and impose the suspended sentence." *Id.* at 1. On the custodial requirement for habeas claims, the Seventh Circuit has stated the following:

> The United States Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only where the individual seeking the writ is "in custody." Historically, federal courts interpreted the "in custody" requirement strictly; they required that an individual be in the state's physical custody at the time that he or she filed the habeas petition. In more recent times, beginning with *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963), the Supreme Court has broadened the definition of custody. Habeas corpus is now available, for example, to prisoners who are released on parole, personal recognizance, and bail, as well as those serving consecutive sentences; to aliens seeking entry into the United States; and to individuals seeking to challenge their induction into military service.
>
> Despite this expansion of the definition of custody, habeas petitioners must establish that they are subject to conditions that "significantly restrain their liberty." In *Jones* and other cases expanding the definition of custody, the Court emphasized the physical nature of the restraints on liberty that satisfied the custody requirement. . . . Thus, the collateral consequences of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement.
>
> In accordance with these principles, courts have held that orders of restitution, fines and the revocation of medical and driver's licenses do not satisfy the "in custody" requirement. In contrast, a sentence of 500 hours of community service has been held to restrict sufficiently an individual's physical liberty of movement to satisfy the requirement.

*Virsnieks v. Smith*, 521 F.3d 707, 717–18 (7th Cir. 2008) (concluding that Wisconsin's sex offender registration requirements do not amount to custody).

Against this backdrop, it is readily apparent that involvement in probation revocation proceedings alone cannot satisfy the custodial requirement. Van Hawk may be required to participate in these proceedings, but this requirement is no more onerous than those imposed on any other individual who has been summoned to court, including civil defendants, jurors, or subpoenaed witnesses. Further, while Van Hawk may be presently subject to certain restraints on his physical liberty due to his placement on probation, he does not suggest that he is subject to any such restraints specifically as a result of the probation revocation proceedings.

Additionally, "[h]abeas is at its core a remedy for unlawful executive detention," and, "[t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The claims do not suggest that Van Hawk's placement on probation is inappropriate but instead focus on the purported unfairness of the ongoing revocation proceedings. Invalidating these probation revocation proceedings would merely allow Van Hawk to remain on probation; it would not suggest that he is entitled to a release from any form of custody. Consequently, the court will deny the habeas petition because it does not challenge his present form of custody.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Van Hawk to proceed further.

For these reasons, the court:

(1) **DENIES** the amended petition (ECF 5) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the petition does not state valid habeas claims;

(2) **DENIES** Scotty Lee Van Hawk a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED on November 16, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT